UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALRELIO EVANS, #367619,            )
               Plaintiff,           )
                               )    No. 1:19-cv-953
-v-                                )
                               )    Honorable Paul L. Maloney
HEIDI WASHINGTON, *et al.*,        )
               Defendants.          )
                                   )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Alrelio Evans, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit alleging violations of his civil rights. Plaintiff is a member of the Jehovah's Witnesses. Against the remaining Defendant, Chaplain Curtis, Plaintiff alleges a violation of his First Amendment right to the free exercise of religion. In particular, Plaintiff alleges Defendant denied Plaintiff the right to group religious services by enforcing the MDOC's "rule of five." At the time the events giving rise to this lawsuit occurred, MDOC Policy Directive 05.03.150 did not require group religious services to be offered at institutions where there were less than five prisoners who (1) actively participate in the religious activities of the group and (2) were within the same security level at the institution.

Defendant filed a motion for summary judgment. (ECF No. 65.) The Magistrate Judge issued a report recommending that the Court grant Defendant's motion. (ECF No. 72.) Plaintiff filed objections. (ECF No. 73.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Change to the Case Management Order

Plaintiff argues the Magistrate Judge issued an amended case management order that allowed Defendant to file this motion. Plaintiff argues the amendment demonstrates favoritism and violates the Federal Rules of Civil Procedure and the Local Rules.

The Court overrules Plaintiff's objection. The objection does not address any finding of fact or conclusion of law in the R&R. Plaintiff did not appeal the order that changed the deadline for filing dispositive motions. The premise of this argument is misplaced. Defendants filed a motion for summary judgment on April 10, 2020, raising only exhaustion of administrative remedies. The magistrate judge issued the first case management order the same day. That initial motion was not resolved until March 15, 2021, several months after the initial deadline for dispositive motions had expired. The amended order extended the deadline for both parties to file dispositive motions. Finally, the decision to amend the case management order fell within the magistrate judge's discretion and did not violate any rule.

B.  Settlement in *Evans v. Prisk*

Plaintiff objects to the use of any finding of fact or legal holding in *Evans v. Prisk*, 2:17cv46 (W.D. Mich) because that lawsuit ultimately settled without going to trial.

The Court overrules Plaintiff's objection. Plaintiff raised an almost identical First Amendment claim based on the rule of five in the *Prisk* lawsuit, a claim that the court rejected by granting a motion for summary judgment. Plaintiff subsequently settled the remaining Equal Protection claim. The outcome of the First Amendment claim in *Prisk* is not binding on this Court, which the Magistrate Judge recognized. However, the reasoning and authority used in *Prisk* are useful and relevant to the claim in this lawsuit.

C.  MDOC No Longer Enforces the Rule of Five

Plaintiff argues that the relevant Policy Directive no longer contains the rule of five for group religious services because of a settlement between the MDOC and the Justice Department.

The Court overrules Plaintiff's objection. This assertion does not address any finding of fact or conclusion of law in the R&R. Plaintiff has not explained the significance of this change on his claim. The events giving rise to this lawsuit occurred when the Policy Directive included the rule of five.

D.  Unsworn Declaration

Plaintiff filed a declaration (ECF No. 68) approximately two months after he filed his response to the pending motion for summary judgment. The Magistrate Judge first concluded that the declaration was untimely. The Magistrate Judge then addressed the

substance of the declaration and concluded that it did not create a genuine issue of material fact that at least four other prisoners met the criteria for a group religious service.

Plaintiff objects, reasoning that the declaration would be admissible at trial and functions to establish a genuine issue of material fact.

The Court overrules Plaintiff's objection. Plaintiff did not address the Magistrate Judge's initial conclusion that the declaration was not timely filed. The substance of the assertions in the declaration are addressed below.

E.  Magistrate Judge's Authority and Omissions

Plaintiff generally objects to the Magistrate Judge's authority arguing that Defendant did not raise the authority in their brief. Plaintiff specifically objects to the Magistrate Judge's omission of *Kensu v. Cason* from his discussion. Plaintiff contends *Voinovich* supports his position.

The Court overrules Plaintiff's objection. Plaintiff has not specifically objected to any particular authority cited by the Magistrate Judge. The Magistrate Judge did not omit a discussion of *Kensu v. Cason*; he addressed that particular opinion on page 8 of the R&R. The relevant holding in *Kensu* does not assist Plaintiff. Judge McKeague found that the plaintiff had established that the use of a simple alter and incense were fundamental to the plaintiff's religious practice, individually or in group services. *Kensu v. Cason*. No. 1:91cv300, 1996 U.S. Dist. LEXIS 5468, at *191 (W.D. Mich. Mar. 29, 1996). While MDOC justified excluding an alter and incense from the plaintiff's cell, Judge McKeague found that MDOC did not meet its burden of showing that outright prohibition was the least restrictive means. *Id.* Because the plaintiff could not use the alter and incense in his cell,

MDOC had to provide the plaintiff "some other alternative means of practicing his faith in a manner comparable to other more popular religious groups." *Id.* at *192. To accomplish that end, MDOC might have to permit the plaintiff to worship (with an alter and incense) outside his cell, even if there were not another four prisoners joining him. Here, Plaintiff has not established that the MDOC has prohibited his use of anything essential to the exercise of his religion. *Kensu* does not stand for the proposition that MDOC cannot enforce the rule of five.

Plaintiff's is simply incorrect that the holding in *Spies v. Voinovich*, 173 F.3d 398 (6th Cir. 1999) helps him. In that case, the plaintiff and several other Buddhists were meditating together in a chapel, which included group chanting. The chaplain at the prison concluded the prisoners were conducting a group worship service and suspended the group activity until at least five Buddhist inmates were interested in a formal service. The Sixth Circuit first agreed with the district court that the rule of five had a valid, rational connection with the prison's legitimate interest in maintaining security and allocating scarce resources. *Id.* at 404. Second, the court found that not permitting group services did not infringe on the plaintiff's exercise of religious because (and Plaintiff here quotes this passage) "Spies had an alternative means of exercising his free exercise rights; he was permitted to mediate privately at the chapel, ..." *Id.* Finally, the court explained why the prison did not have to permit smaller groups to meet, a holding that undermines Plaintiff's argument here. "Third, we agree with the district court's finding that full accommodation of Spies's alleged free exercise right—allowing a group of any size to demand the use of limited prisoner resources—would have an adverse impact on the allocation of prisoner resources." *Id.* at 405.

F.  List of Other Prisoners for Group Worship

In his declaration, Plaintiff identified six prisoners who requested to attend Jehovah's Witness services.  After MDOC filed a response to the untimely declaration (ECF No. 70), the Magistrate Judge said only one of the six had designated the Jehovah's Witnesses as their religious preference during the relevant time period.

Plaintiff objects.  He asserts that the list is sufficient to survive summary judgment and he had no way of verifying another inmate's religious preference.

The Court overrules Plaintiff's objection.  Under these facts, MDOC is not required to permit a group of five prisoners to hold a group worship service when the prisoners have self-identified as adherents of different religions.

Having overruled Plaintiff's objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 72) as the Opinion of the Court.  The Court **GRANTS** Defendant's motion for summary judgment.  (ECF No. 65.)  **IT IS SO ORDERED.**

Date:   September 22, 2022                              /s/  Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

6